UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBIN BLAKE COMBS, SR.,

                Plaintiff,

   v.

STATE OF WASHINGTON, WASHINGTON DEPARTMENT OF CORRECTIONS, ELDON VAIL, BERNIE WARNER, STEVE HAMMOND, MICHAEL KENNEY, CARE REVIEW COMMITTEE, RONALD FREDRICK, TAMARA ROWDEN, ISRAEL (ROY) GONZALEZ, JAY JACKSON, DIANA BENFIELD, GREG GARRINGER, JOENNE McGERR, GARY FRIEDMAN, JEFFREY A UTTECHT, DAVID P. BAILEY, MELISSA ANDREWJESKI, RUBY JOHNSON, MARK BRAWDY, J. BROWN, BRYAN KING, KEVIN K. SMITH MD, ELIZABETH SUITER MD, DALE FETROE MD, JEAN RYAN, ERIC ASKREN, JANE and JOHN DOES,

                Defendants.

No. C12-5280 RBL/KLS

ORDER GRANTING EXTENSION OF DEADLINES AND DIRECTING SUBMISSION OF ADDRESSES UNDER SEAL

      Before the Court is Plaintiff's motion for extension of the discovery deadline. ECF No. 19. Defendants do not oppose the extension but ask that the Court limit Plaintiff's discovery to "some reasonable but limited number of requests directed only to the newly served Defendants." ECF No. 21. Defendants also ask that all other pre-trial deadlines be extended. *Id.* The Court finds that the extension requested is reasonable and will be granted without limiting the scope of

ORDER - 1

any additional discovery. The dispositive motions and joint status report deadlines shall also be extended and Defendants directed to provide addresses under seal.

## BACKGROUND

Defendants State of Washington, Washington Department of Corrections, Jeffrey Uttecht, Dave Bailey, Melissa Andrewjeski, Bryan King, Joshua Brown, Eric Askren, Elizabeth Suiter, and Dale Fetroe, were personally served copies of the Summons and Complaint. These Defendants removed the action from the Thurston County Superior Court to this Court, paid the filing fee (Receipt #0981-2764726), and filed their Answer to Plaintiff's Complaint. ECF No. 1; ECF No. 5. The remaining Defendants had not been served at the time of removal.

Plaintiff was granted leave to proceed *in forma pauperis* in this Court. ECF No. 17. By Order dated October 17, 2012, the Court directed service of process on the remaining defendants. ECF No. 24. To date, ten waivers of service have been signed and returned to the Court. ECF Nos. 31-40. Four waivers have been returned to the Court as "undeliverable", "No Longer in State Service". ECF Nos. 27-30. Six more have been returned as "undeliverable", "Not at this Address". ECF Nos. 41-46.

The Court's Scheduling Order dated April 25, 2012, set a discovery deadline of October 26, 2012; dispositive motions deadline of December 28, 2012; and, a joint status report deadline of March 29, 2013. ECF No. 7.

## DISCUSSION

A scheduling order may only be modified for good cause and with the Court's consent. Fed. R. Civ. P. 16(b)(4). The stringent requirement of Fed. R. Civ. P. 16(b)'s "good cause" standard considers the diligence of the party seeking the amendment. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "Good cause" for modification of pretrial

ORDER - 2

order's scheduling deadline means that scheduling deadlines cannot be met despite the diligent efforts of the party seeking the extension; carelessness is not compatible with finding of diligence and offers no reason for grant of relief. *Id.;Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (If the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted).

Based on the foregoing, the Court finds Plaintiff's request for an extension of the discovery deadline to be reasonable. Less than one-half of the named Defendants have been served in this matter. Until service is perfected and the additional Defendants have been served with discovery, it is not possible to determine what further discovery may be necessary. Thus, Defendants' request to limit discovery shall be denied.

Plaintiff previously sought leave to require Defendants to provide their work and/or home addresses under seal. ECF No. 8. That request was denied until Plaintiff first attempted service of the Defendants at their last known work locations. ECF No. 12. Defendants opposed Plaintiff's motion, noting that "[t]ypically, the work locations of Defendant Department employees are sufficient" for service and even without Court ordered service, Plaintiff "could use work addresses to seek waiver pursuant to Fed. R. Civ. P. 4 (d)(1)." ECF No. 10.

To date ten Orders for Service have been returned because the named defendant is no longer in state service or not at the work address provided. If Defendants are in possession of the last known business or last known home addresses of the non-served defendants, a sensible solution is that Defendants submit such information to the court **under seal** so that the Clerk may attempt to effect service. This solution alleviates two concerns concerning involving prisoner litigation: (1) the security risks inherent in providing prisoners with addresses of people formerly employed by the state; and (2) the reality of prisoners getting the "runaround" when they are

ORDER - 3

attempting to access information through the government. *Sellers v. United States*, 902 F.2d 598, 602-603 (7th Cir. 1990).

It is, therefore, **ORDERED:**

(1)     Plaintiff's request to extend the discovery deadline (ECF No. 19) is **GRANTED.**

(2)     The pre-trial deadlines in this case shall be extended as follows:  (a) discovery shall be completed by **February 22, 2013**; (b) dispositive motions shall be filed by **April 26, 2013;** and (c) the parties' joint status report shall be filed by **July 26, 2013.**

(3)     If Defendants are in possession of the last known business or last known home addresses of Ruby Johnson, Kevin K. Smith, Mark Brawdy, Jean Ryan, Dan E. Delop, Rodolfo Trevino, Cathy Baum, Paul Larson, Kim Dotson, and Gary Friedman, they shall submit such addresses to the Court **under seal on or before November 13, 2012.**

(4)     The Clerk is directed to send copies of this Order to Plaintiff and counsel for Defendants.

**DATED** this  2nd   day of November, 2012.

Karen L. Strombom
United States Magistrate Judge

ORDER - 4