UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBIN BLAKE COMBS, SR.,

Plaintiff,

v.

STATE OF WASHINGTON, WASHINGTON DEPARTMENT OF CORRECTIONS, ELDON VAIL, BERNIE WARNER, STEVE HAMMOND, MICHAEL KENNEY, CARE REVIEW COMMITTEE, RONALD FREDRICK, TAMARA ROWDEN, ISRAEL (ROY) GONZALEZ, JAY JACKSON, DIANA BENFIELD, GREG GARRINGER, JOENNE McGERR, GARY FRIEDMAN, JEFFREY A UTTECHT, DAVID P. BAILEY, MELISSA ANDREWJESKI, RUBY JOHNSON, MARK BRAWDY, J. BROWN, BRYAN KING, KEVIN K. SMITH MD, ELIZABETH SUITER MD, DALE FETROE MD, JEAN RYAN, ERIC ASKREN, JANE and JOHN DOES,

Defendants.

No. C12-5280 RBL/KLS

ORDER DENYING MOTION TO STAY AND/OR COMPEL PRODUCTION OF DOCUMENTS AT DEFENDANTS' COST

Before the Court is Plaintiff's Motion to Stay Proceedings and/or Compel Photocopies. ECF No. 90. Plaintiff states that in response to various requests for production, Defendants responded that the documents "are available for inspection and review by Plaintiff's representative, by CD or Defendant will provide copies of the records requested at a rate of 10 cents per page in addition to postage costs." *Id.* at 3. Plaintiff states that he needs paper copies of the documents and that Defendants should pay for the production because he is indigent and

would otherwise incur a debt for the copying fees. *Id.* at 5. Plaintiff asks that the Court stay the proceedings until Defendants reach a decision regarding this issue or to compel the production of the copies at Defendants' expense. *Id.* at 6.

The Court has reviewed the motion (ECF No. 90), Defendants' response (ECF No. 94), and Plaintiff's reply (ECF No. 98), and finds that the motion should be denied.

## DISCUSSION

Fed. R. Civ. P. 34(a)(1) requires the party upon whom the discovery request was served "to produce and permit the requesting party or its representative to inspect, copy, test or sample ..." the items that are deemed responsive to his request. Nothing in Rule 34 requires the producing party to bear the costs associated with the production.

Defendants provided Plaintiff with three options to inspect the documents responsive to his discovery requests. The documents would be (1) made available for inspection and review by Plaintiff's representative; (2) produced on CD; or (3) copied at a rate of 10 cents per page in addition to postage costs. ECF No. 90 at 3. According to Defendants, Plaintiff has propounded almost 1,000 requests for admissions, interrogatories, and requests for production and to date, has been provided 5,061 pages of documents on CD. ECF No. 94 at 1. Defendants' production and alternative options provided to Plaintiff clearly comport with the requirements of Rule 34 and therefore, the motion to compel shall be denied.

Although Plaintiff is proceeding *in forma pauperis* in this lawsuit, he is not relieved of his responsibility to fund his litigation and to pay for his discovery costs. *See, United States v. MacCollom*, 426 U.S. 317, 321, 96 S.Ct. 2086, 2089, 48 L.Ed.2d 666 (1976) ("the expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress ..."). The *in forma pauperis* statute, 28 U.S.C. § 1915, provides for the payment of filing fee and

ORDER - 2

service of process only.  In *Silva v. Di Vittorio*, 658 F.3d 1090 (9th Cir.2011), the Ninth Circuit reiterated the limited role of prison authorities in assisting prisoners with their litigation.  Prison authorities are only required to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law.  *Silva*, 658 F.3d at 1102 (quoting *Bounds v. Smith*, 430 U.S. 817, 828, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977)).  The Court further held that this assistance is only limited to the pleading stage.  *Id*. (citing *Lewis v. Casey*, 518 U.S. 343, 384, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996)).

Accordingly, it is **ORDERED:**

(1) Plaintiff's motion to compel and/or stay (ECF No. 90) is **DENIED.**

(2) The Clerk shall send a copy of this Order to Plaintiff and to counsel for Defendants.

**DATED** this   2nd   day of May, 2013.

Karen L. Strombom
United States Magistrate Judge

ORDER - 3