1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBIN BLAKE COMBS, SR.,

Plaintiff,

v.

STATE OF WASHINGTON,
WASHINGTON DEPARTMENT OF
CORRECTIONS, ELDON VAIL, BERNIE
WARNER, STEVE HAMMOND,
MICHAEL KENNEY, CARE REVIEW
COMMITTEE, RONALD FREDRICK,
TAMARA ROWDEN, ISRAEL (ROY)
GONZALEZ, JAY JACKSON, DIANA
BENFIELD, GREG GARRINGER, JOENNE
McGERR, GARY FRIEDMAN, JEFFREY A
UTTECHT, DAVID P. BAILEY, MELISSA
ANDREWJESKI, RUBY JOHNSON, MARK
BRAWDY, J. BROWN, BRYAN KING,
KEVIN K. SMITH MD, ELIZABETH
SUITER MD, DALE FETROE MD, JEAN
RYAN, ERIC ASKREN, JANE and JOHN
DOES,

Defendants.

No. C12-5280 RBL/KLS

ORDER DENYING MOTION FOR
APPOINTMENT OF COUNSEL

Before the Court is Plaintiff's motion for the appointment of counsel. ECF No. 88.

Defendants oppose the motion. ECF No. 93. Plaintiff filed a reply. ECF No. 97. For the

reasons stated below, the motion will be denied.

**DISCUSSION**

No constitutional right exists to appointed counsel in a § 1983 action. *Storseth v.*

*Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). *See also United States v. $292,888.04 in U.S.*

ORDER - 1

1    *Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is

2    discretionary, not mandatory.")  However, in "exceptional circumstances," a district court may

3    appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28

4    U.S.C.§ 1915(d)).  *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other*

5    *grounds,* 154 F.3d 952 (9th Cir. 1998) (emphasis supplied.)  To decide whether exceptional

6    circumstances exist, the court must evaluate both "the likelihood of success on the merits [and]

7    the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal

8    issues involved."  *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting

9    *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).  A plaintiff must plead facts that show he

10   has an insufficient grasp of his case or the legal issue involved and an inadequate ability to

11   articulate the factual basis of his claim.  *Agyeman v. Corrections Corp. of America*, 390 F.3d

12   1101, 1103 (9th Cir. 2004).

13        That a *pro se* litigant may be better served with the assistance of counsel is not the test.

14   *Rand*, 113 F.3d at 1525.  Moreover, the need for discovery does not necessarily qualify the issues

15   involved as "complex."  *Wilborn,* 789 F.2d at 1331.  Most actions require development of further

16   facts during litigation.  But, if all that was required to establish the complexity of the relevant

17   issues was a demonstration of the need for development of further facts, then practically all cases

18   would involve complex legal issues.  *Id.*

19        Plaintiff has clearly shown an ability to articulate his claims to this Court.  The pleadings

20   on file in this case demonstrate that Plaintiff is familiar with the Court rules as well as the law

21   pertaining to his claims.  Plaintiff's pleadings illustrate his ability to articulate legal arguments

22   and locate supporting authority.  Plaintiff's complaint and the innumerable motions and

ORDER  - 2

discovery indicate that Plaintiff is not a novice to the court system.  Plaintiff has failed in his burden to demonstrate an inability to present his claims to this Court without counsel.

Plaintiff's claims are essentially infringement of religion, medical indifference, and retaliation. These are not complex legal issues.  In addition, aside from his stated belief that he is likely to succeed, Plaintiff has not shown that he is likely to succeed on the merits of this case. Thus, Plaintiff has failed in his burden to demonstrate an inability to present his claims to this Court without counsel.

Accordingly, it is **ORDERED**:

(1)     Plaintiff's motion for the appointment of counsel (ECF No. 88) is **DENIED.**

(2)     The Clerk shall send a copy of this Order to Plaintiff and to counsel for Defendants.

**DATED** this  2nd  day of May, 2013.

Karen L. Strombom
United States Magistrate Judge

ORDER  - 3