1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBIN BLAKE COMBS, SR.,

                        Plaintiff,

        v.

STATE OF WASHINGTON,
WASHINGTON DEPARTMENT OF
CORRECTIONS, ELDON VAIL, BERNIE
WARNER, STEVE HAMMOND,
MICHAEL KENNEY, CARE REVIEW
COMMITTEE, RONALD FREDRICK,
TAMARA ROWDEN, ISRAEL (ROY)
GONZALEZ, JAY JACKSON, DIANA
BENFIELD, GREG GARRINGER, JOENNE
McGERR, GARY FRIEDMAN, JEFFREY A
UTTECHT, DAVID P. BAILEY, MELISSA
ANDREWJESKI, RUBY JOHNSON, MARK
BRAWDY, J. BROWN, BRYAN KING,
KEVIN K. SMITH MD, ELIZABETH
SUITER MD, DALE FETROE MD, JEAN
RYAN, ERIC ASKREN, JANE and JOHN
DOES,

                        Defendants.

No. C12-5280 RBL/KLS

ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFF'S
MOTION TO COMPEL

        Before the Court is Plaintiff's Motion to Compel.  ECF No. 89.   The Court has reviewed

the motion, Defendants' response (ECF No. 95), and finds that the motion should be granted, in

part, and denied, in part, as discussed herein.

## BACKGROUND

        Plaintiff originally filed this action in Thurston County Superior Court.  He sues over

twenty employees at the Department of Corrections (DOC) and the Coyote Ridge Corrections

ORDER  - 1

Center (CRCC), where he was previously incarcerated.  ECF No. 2-1.  Plaintiff's principal claims involve his kosher diet and health care.  According to Defendants, Plaintiff has propounded over 1,000 requests for admission, production, and interrogatories.  ECF No. 95, p. 1.

Defendants argue that it is by no means clear whether Plaintiff has complied with Fed. R. Civ. P. 37(a)(1)'s requirement to confer in an attempt to resolve the issues.  ECF No. 95.  At the same time, Defendants acknowledge that the parties have had telephone conferences and that there are genuine issues of disagreement between the parties.  *Id.*  For purposes of this motion, the Court finds that the requirement to confer has been met and will address the merit of the identified discovery issues.

## DISCUSSION

The Federal Rules of Civil Procedure provide that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter."  Fed.R.Civ.P. 26(b)(1).  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  *Id.*

When a party fails to answer an interrogatory under Rule 33 or fails to permit inspection of documents under Rule 34, the requesting party may move the court for an order compelling discovery.  Fed.R.Civ.P. 37(a)(3).  For purposes of such a motion, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."  Fed.R.Civ.P. 37(a)(4).

ORDER  - 2

1

2

**A.      Requests for Production (RFP) Nos. 17 (5th Set), 18 (5th Set), 21(1st Set), and 22 (2nd Set)**

3

4

In RFP Nos. 17, 18, and 21, Plaintiff seeks various documents pertaining to Kosher meal

cost management, purchases of "Kosher Only" kitchen equipment, and documents recording the

5

food items served on each Kosher meal served between March 2, 2009 and August 1, 2009.  ECF

6

No. 89 at 5, 44, 83.  Plaintiff argues that the information requested is relevant to establish that

7

there were no "Kosher only" kitchen utensils to cook or store Kosher foods.  *Id.*  In RFP No. 22,

8

Plaintiff seeks "all documents pertaining to Health Care cost saving measures within the WDOC

9

and CRCC."  *Id.* at 56.  Plaintiff argues that these documents are relevant to show that the DOC

10

has cut health care services to inmates in an effort to save money.  *Id.* at 6.

11

12

In response, Defendants stated:  "Defendants have located no responsive documents.

13

Defendants may supplement should any additional documents become available."  *See, e.g.,* ECF

14

No. 80 at 45.  As to RFP No. 22, Defendants also argue that documents relating to health care

15

funding are not relevant to whether the health care provided to Plaintiff met the constitutional

16

minimum.  ECF No. 95 at 4.  Plaintiff believes Defendants "have purposefully chosen to engage

17

in a half-hearted search for the requested records."  ECF No. 89 at 5.

18

19

Rule 26(e)(1) provides that:

20

A party who has made a disclosure under Rule 26(a) - or who has responded to an
interrogatory, request for production, or request for admission - must supplement
or correct its disclosure or response:  (A) in a timely manner if the party learns
that in some material respect the disclosure or response is incomplete or incorrect,
and if the additional or corrective information has not otherwise been made
known to the other parties during the discovery process or in writing[.]

21

22

23

24

Attorneys are required to make a reasonable inquiry before certifying that a discovery

25

response is complete.  Fed.R.Civ.P. 26(g).  "The signature of the attorney ... constitutes a

26

certification that to the best of the signor's knowledge, information, and belief, formed after

ORDER  - 3

1   reasonable inquiry, the ... response, or objection" is "consistent with these rules and warranted by

2   existing law ...; not interposed for an improper purpose ...; and not reasonable or unduly

3   burdensome or expensive...." Fed.R.Civ.P. 26(g).

4        Defendants stated that no responsive documents to these requests have been located.

5   They are under a continuing duty to timely supplement their answers if any responsive

6   documents are located.  Plaintiff's motion to compel these documents is denied.

7

8   **B.      RFP No. 5 (3rd Set)**

9        In RFP No. 5, Plaintiff seeks documents naming the individual who wrote or developed

10  the Kosher menu served at CRCC.  ECF No. 98 at 60.  Defendants respond that Plaintiff was

11  provided with the policy, which identifies who prepares the menus, and that in responses to

12  interrogatories, Defendants provided the names of these individuals.  ECF No. 95 at 4-5.

13  Defendants have properly responded to this request.  Plaintiff is not entitled to an order

14  compelling further response to this request.

15

16  **C.      RFP No. 9 (3rd Set)**

17       In this request, Plaintiff seeks the "medication information" sheets for all medications

18  prescribed to him since 1989.  ECF No. 89 at 61.  Plaintiff states that Defendants have produced

19  only "medication administration sheets" for medications prescribed to him while he was housed

20  at CRCC.  *Id.*

21       Defendants state that the information requested will be provided to Plaintiff "to the extent

22  that [his] medication is still dispensed and that similar (but not identical) information can be

23  found in any edition of the Physicians' Desk Reference where the sheets are no longer

24  available."  ECF No. 95 at 5.  Accordingly, Plaintiff's motion to compel as to this request is

25  denied.

26

ORDER  - 4

**D.     RFP No. 7 (5th Set)**

In this request, Plaintiff seeks "sales receipts or other proof of purchase for a Cambro container, Ultra coffee container, or other insulated  beverage dispenser or decanter purchased at, by, or for CRCC – MSC kitchen between January 1, 2009 and March 2, 2012."  ECF No. 89 at 80.  Defendants responded that no responsive documents were located but continue to search and would supplement the response should any documents become available.  *Id.*

Plaintiff argues that his previous public records request for decanters purchased prior to this time period was answered with responsive documents within 30 days.  ECF No. 89 at 7. Defendants ask that Plaintiff provide them with copies of documents he received in response to his public records request to aid them in the search for responsive documents.  ECF No. 95 at 5. If Plaintiff's belief that Defendants' response is inadequate or incomplete is based on information he has in his possession, he should provide that information to Defendants so that it can direct the search of the information and any dispute regarding this request can be resolved without Court order.  Plaintiff's motion to compel is denied at this time.

**E.      RFP No. 22 (3d Set) and RFP Nos. 5, 7, 8, 9, 12, 15, 16, and 18 (4th Set)**

In these requests, Plaintiff seeks "a photocopy of the front and back packaging of every potato chip bag served to inmates in the WDOC" and "invoices prior to June or July of 2009" showing the purchase of eggs, cereal, potato chips, dinner entrees, Kosher bread, pats of margarine, peanut butter and jelly, sandwich meat, "Kosher Only" pots, pans, and utensils/implements, and items served during Passovers of 2009, 2010 and 2011.  ECF No. 89 at 65, 70-74.  Defendants responded that the requests were unduly burdensome as they would require a hand search and manual scan of individual vendor invoices which are not centralized

ORDER  - 5

but are stored in various archive locations throughout the state.  Defendants also objected

because the requests seeks information that is not relevant to Plaintiff's claims.  *Id.*

Plaintiff argues that the information requested is relevant because he claims that he was

served non-Kosher food items from March 2, 2009 through at least July 10, 2009.  Therefore, he

asserts that if Defendants cannot produce the invoices showing that they purchased Kosher

products prior to the time specified in the complaint, it proves that he "must have been served

items from mainline stock which were non-Kosher or which were cooked and served in a non-

Kosher manner."  ECF No. 89 at 10.  He also argues that his requests are "burdensome only

because of the way Defendants keep their records."  ECF No. 89 at 8.   As noted by Defendants,

the cases cited by Plaintiff, that deal with highly relevant information that should have been

stored in a manner that allowed for retrieval, are inapposite to this case.  ECF No. 95 at 6

(citations omitted).   The issue here is not Defendants' record keeping, but whether Plaintiff has

requested relevant information and if so, whether the production of that information is unduly

burdensome.

"Inmates ... have the right to be provided with food sufficient to sustain them in good

health that satisfies the dietary laws of their religion."  *McElyea v. Babbitt*, 833 F.2d 196198 (9th

Cir.1987) (per curiam) (citations omitted).  Thus, Plaintiff is entitled to discover information

related to his claim that he was served non-Kosher food items for approximately four months.

However, the connection between the multitude of invoices he has requested and this claim is

tenuous at best.  The invoices themselves do not make this allegation more or less probable.  At

the same time, that does not make them undiscoverable.  However, the Court may limit

discovery when such discovery causes undue burden or cost.  Even if information requested by a

party is relevant, the Court may deny discovery if the "burden or expense of the proposed

ORDER  - 6

1    discovery outweighs its likely benefit." Fed. R. Civ.P. 26(b)(2)(iii).  In determining the likely

2    benefit the Court may consider "the needs of the case, the amount in controversy, the parties'

3    resources, the importance of the issues at stake in the litigation, and the importance of the

4    proposed discovery in resolving the issues."  *Id.*

5            According to Defendants, production of the information requested by Plaintiff would

6    require a hand search and manual scan of individual vendor invoices which are not centralized

7    but are stored in various archive locations throughout the state.  The value of the requested

8    documents in helping Plaintiff prove his claim that he was given non-Kosher food for four

9    months in 2009 is questionable.  In addition, the request places a considerable burden on

10   Defendants.  Therefore, Plaintiff's motion to compel production is denied.

11   **F.    RFP No. 25 (3rd Set) - Request for Privilege Log**

12           In this request, Plaintiff requested "all requests for client advice from the Attorney

13   General or Assistant Attorney General Division and the responses thereto, sought as a result of,

14   or concerning any grievance filed by Plaintiff between March 2, 2009 and March 2, 2012."  ECF

15   No. 89 at 66.  Defendants objected to production of the records on the grounds of attorney-client

16   privilege and attorney work product doctrine.  *Id.*

17           Plaintiff moves to compel the production of a "privilege log."  ECF No. 89 at 10-11.

18   Fed.R.Civ.P. 26(b)(5)(A) requires those claiming privilege to "describe the documents,

19   communications, or tangible things not produced or disclosed - and do so in a manner that,

20   without revealing information itself privileged or protected, will enable other parties to assess the

21   claim."  Fed.R.Civ.P. 26(b)(5)(A)(ii).  A privilege log can be deemed insufficient for purposes of

22   attorney-client privilege if the description and comments do not provide enough to support the

23   claim.  *U.S. v. Construction Products Research, Inc*., 73 F.3d 464, 473 (2nd Cir.1996).

ORDER  - 7

Here, Plaintiff does not object to the withholding of information that he himself clearly identified as privileged ("all requests for client advice").  Rather, he objects that Defendants did not create a privilege log describing the nature of the documents and parties involved.  While a privilege log may be appropriate when a request for otherwise unprivileged documents might include a privileged document, the Court finds no basis for it here where the request itself is essentially a request that Defendants produce all attorney client privileged materials in this case or alternatively, to order Defendants to list all the privileged materials withheld.  Because his request is limited on its face to only privileged documents, Plaintiff is not entitled to a log to ascertain the nature of the privilege – the nature of the privilege is that the documents relate to seeking advice of counsel.  Therefore, his motion to compel further response to this request is denied.

**G.      RPF No. 24 (3rd Request) - Surveillance Video**

In this request, Plaintiff seeks the production of surveillance camera tapes from the July 7 through July 8, 2010 lockdown of CRCC-MSC "limited to showing only the images of the three meals served to the inmates living in Unit I, Cell #A 28."  ECF No. 89 at 66.  Defendants object to the "disclosure of documents which may jeopardize the safety and security of the institution."  *Id.*   Plaintiff fails to explain how the production of the videos is relevant to his claims.  The motion to compel is denied.

**H.      RFP No. 12 (5th Request)**

In this request, Plaintiff seeks all "opiod protocols of the OHP in effect between March 2, 2009 and March 2, 2012."  ECF No. 89 at 82.   Defendants objected on the grounds of safety and security, but stated that the document "is at the institution and may be made available for inspection and review with Plaintiff's physician at Plaintiff's request."  *Id.*  According to

ORDER  - 8

Plaintiff, his provider "opted" not to allow him to inspect or review the requested document.  *Id.*
at 13.   Plaintiff argues that the information is relevant to show that "alternative pain medications
were available which could/would have alleviated or at least mitigated Plaintiff's chronic,
substantial pain, but providers chose not to prescribe these medications based simply on Policy
concerns and not Plaintiff's medical needs."  *Id.* at 13.

However, the relevance of the opiate protocols to Plaintiff's claims is unclear.  The opiate
protocols would not prove that the medical treatment Plaintiff received was constitutionally
deficient.  Plaintiff may disagree that the medications he was given were sufficient, but that is
not proof of an Eighth Amendment violation.  *See, Estelle v. Gamble*, 429 U.S. 97, 106 (1976);
*Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir.1988); *Jackson v. McIntosh*, 90 F.3d
330, 331 (9th Cir.1996).  Rather, Plaintiff must provide medically competent evidence that by
not providing him with opiates, Defendants' medical care was constitutionally deficient.

Notwithstanding the foregoing, Defendants stated that the document would be made
available for inspection and review with Plaintiff's physician at Plaintiff's request.  The Court is
mindful of Defendants' concerns of providing inmates with the standards and criteria for the
administration of opiates and Defendants' desire to limit production of the document in this
manner.  However, Plaintiff's attempt to view the document as proposed has been hampered by
his physician's decision not to allow the production.  Therefore, the Court directs Defendants to
produce the document to the Court under seal for an *in camera* review.  The Court will defer
ruling on Plaintiff's motion to compel this request until it may view the document at issue.

Accordingly, it is **ORDERED**:

(1)      Plaintiff's motion to compel (ECF No. 89) is **DENIED**, except as to the opiate
protocols (RFP No. 12 (5th Request)) which shall be deferred.   Defendants shall produce the

ORDER  - 9

opiate protocols to the Court **under seal for *in camera* inspection** within ten (10) days of this Order.

       (2)     The Clerk shall send a copy of this Order to Plaintiff and to counsel for Defendants.

      **DATED** this  8th  day of May, 2013.

Karen L. Strombom
United States Magistrate Judge

ORDER  - 10