HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBIN BLAKE COMBS, SR., <br><br> Plaintiff, <br><br> v. <br><br> WASHINGTON STATE, <br><br> Defendant. | CASE NO. C12-5280 RBL-KLS <br><br> ORDER ON MOTIONS FOR RECONSIDERATION <br><br> [Dkt. #s 105, 106 and 107] |

THIS MATTER is before the Court on the following Motions: Plaintiff's Motion for Reconsideration [Dkt. #105] of the Court's Order [Dkt. #100] Denying his Motion to Stay Proceedings and/or Compel Photocopies; Plaintiff's Motion for Reconsideration [Dkt. #106] of the Court's Order [Dkt. #101] Denying his Motion to Appoint Counsel; and Plaintiff's Motion for Reconsideration [Dkt. #107] of the Court's Order [Dkt. #102] Denying his Motion to Appoint Expert Witnesses.

With respect to the discovery issue, Plaintiff argues that the Court misunderstood his position, and that he does *not* seek to have Defendants pay for his discovery. Instead, he wishes to incur a debt in order to pay for making copies from the CDs in his possession.

1    To that limited extent, the Motion for Reconsideration is GRANTED and the Defendants
2 shall make the copies at Defendants' initial expense — Plaintiff may incur a debt to pay for the
3 copies he needs.
4    Pursuant to Local Rule 7(h)(1), motions for reconsideration are disfavored, and will
5 ordinarily be denied unless there is a showing of (a) manifest error in the ruling, or (b) facts or
6 legal authority which could not have been brought to the attention of the court earlier, through
7 reasonable diligence.  The term "manifest error" is "an error that is plain and indisputable, and
8 that amounts to a complete disregard of the controlling law or the credible evidence in the
9 record."  Black's Law Dictionary 622 (9th ed. 2009).
10
11    Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of
finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d
12
877, 890 (9th Cir. 2000).  "[A] motion for reconsideration should not be granted, absent highly
13
unusual circumstances, unless the district court is presented with newly discovered evidence,
14
committed clear error, or if there is an intervening change in the controlling law." *Marlyn*
15
*Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009).  Neither
16
the Local Civil Rules nor the Federal Rule of Civil Procedure, which allow for a motion for
17
reconsideration, is intended to provide litigants with a second bite at the apple.  A motion for
18
reconsideration should not be used to ask a court to rethink what the court had already thought
19
through — rightly or wrongly. *Defenders of Wildlife v. Browner*, 909 F.Supp. 1342, 1351 (D.
20
Ariz. 1995).  Mere disagreement with a previous order is an insufficient basis for
21
reconsideration, and reconsideration may not be based on evidence and legal arguments that
22
could have been presented at the time of the challenged decision. *Haw. Stevedores, Inc. v. HT &*
23
*T Co.*, 363 F.Supp.2d 1253, 1269 (D. Haw. 2005).  "Whether or not to grant reconsideration is
24

committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

There is no right to counsel in a civil case. The Court may appoint counsel under 28 U.S.C. § 1915(e)(1) in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the Plaintiff to articulate her claims *pro se*. *Id.*

Plaintiff's Motions for Reconsideration on the Orders regarding appointment of Counsel and Appointment of Expert Witnesses do not meet these standards. He has not shown that he is likely to succeed on the merits, or that he cannot articulate his claims as a pro se plaintiff. Furthermore, Plaintiff has not shown that his motions are abything other than a "second bite at the apple." He has not met the articulated standard for Reconsideration, and the Court will not Reconsider its prior rulings.

The Motion for Reconsideration of the Order Denying Appointment of Counsel [Dkt. # 106] is DENIED. The Motion for Reconsideration of the Order Denying Appointment of Expert Witnesses [Dkt. # 107] is DENIED.

The Motion for Reconsideration of the Order Denying his Motion to Compel Photocopies [Dkt. # 105] is GRANTED in part.

IT IS SO ORDERED.

Dated this 21st day of May, 2013.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE